# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

Lyle W. Cayce
Clerk

No. 15-40087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO ENRIQUE SANCHEZ-VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1803-1

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Pedro Enrique Sanchez-Vasquez was convicted of illegal reentry into the United States and was sentenced to serve 46 months in prison. He did not timely notice his appeal from his judgment of conviction. Rather, he filed an untimely pro se notice of appeal and averred that counsel had ignored his request to timely file a notice of appeal. The district court construed this filing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a request to proceed in forma pauperis (IFP) on appeal and denied it. The district court also noted that his notice of appeal was untimely.

Now, Sanchez-Vasquez argues that the district court should have construed his untimely pro se notice of appeal as a 28 U.S.C. § 2255 motion seeking an out-of-time appeal grounded in a claim that counsel rendered ineffective assistance by not timely noticing his appeal. He requests that we vacate the district court's IFP order and remand for further proceedings.

We should always be aware of our jurisdiction and raise this issue on our own when necessary. *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district court within the time allowed by Rule 4." FED. R. APP. P. 3(a)(1). Thus, a notice of appeal is a mandatory precondition to the exercise of this court's appellate jurisdiction. *See id.* Because Sanchez-Vasquez filed no notice of appeal from the order he is now challenging, we do not have jurisdiction over this appeal, and it is DISMISSED.